UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY BROOKS,<br>    Plaintiff,<br>  v.<br>M. DAVIS, et al.,<br>    Defendants. | Case No. 16-00701 BLF (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against appeal coordinators at the Division of Adult Parole Headquarters and San Quentin State Prison. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff is currently incarcerated at San Quentin State Prison. (Compl. at 1.) Plaintiff claims that "[b]ad living conditions are cruel and unusual punishment under the Eight Amendment if those conditions amount to a serious deprivation of the 'minimal civilized measures of life's necessities.' These basic human need[s] include adequate food, clothing, shelter, sanitation, and personal safety." (Compl. at 3.) Plaintiff states that he "would like to sue[] the Defendant for money damages under wrongful or negligent act or failure to act causes injury or harm to Plaintiff," and cites to the California Civil Code § 3294. (*Id.*) Plaintiff asserts that Defendants have a duty to protect "inmates/parolees, plaintiff from constant threats or violence at the hands of others," and cites to "Joseph Toussaint et. al. v. Daniel G. McCarthy et. al. 597 F.Supp. 1388 U.S. Dist. Lexis 22653. See Rhodes v. Chapman, 542 U.S. 337, 346, 101 S. Ct. 2392, 2399, 69 L.Ed.2c 59 (1981) [*sic*]." (Compl. at 4.) To his complaint, Plaintiff attached a copy of an inmate appeal in which he was seeking an "emergency transfer" to a county where he has family support to help him successfully parole, and to avoid being shot "on the streets" as he was on two previous occasions. (Compl. Attach. at 1-2.)

Plaintiff asserted essentially the same claims against parole agents in a previous action filed in this Court. *See Brooks v. Gold, et al.*, Case No. C 15-05567 BLF (PR) ("*Gold*"). In that action, Plaintiff also asserted an Eighth Amendment violation for being "force[d]" to sleep on the streets where he suffered gun shots wounds; Plaintiff sought a

2

transfer to another county where he has family support to complete parole. (*Id.*, Compl. at 3.) The Court dismissed the action for failure to state a claim upon which relief may be granted based on the following:

> First of all, the Supreme Court has clearly established that prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983). Accordingly, it cannot be said that parolees have a constitutional right to be paroled in a particular county, nor is there any legal authority supporting such a proposition. Furthermore, the Eighth Amendment does not impose a duty on parole officers to provide humane conditions for parolees, even those with mental health issues. Although the Supreme Court has found that the Eighth Amendment requires the state to provide adequate medical care to incarcerated prisoners, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (emphasis added), that obligation has not been extended to convicts who are not in custody and therefore free to find treatment on their own. Nor is there any Supreme Court precedent finding that the Eighth Amendment requires parole officers ensure the safety and security of parolees. Even if Defendants' actions, or failure to act, resulted in Plaintiff suffering harm "on the streets" in the past, this possible negligence on their part is not actionable under § 1983 either inside or outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

*Gold*, Docket No. 18 at 2.

Because the instant complaint involves the same claims as in the previous action, it must be dismissed on the same basis, i.e., for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1)(2). Plaintiff's reliance on *Toussaint*, 597 F.Supp. 1388, does not change this result because *Toussaint* involves prison conditions and is therefore inapplicable to parole, as is *Rhodes*, 452 U.S. 337, which involves conditions of civil commitment. Lastly, Plaintiff's claim for damages for "wrongful or negligent act[s]," (Comp. at 3), fails to state a cognizable claim under § 1983 because the claim is

based solely on a state law and has no basis in the violation of a constitutional right. *See Atkins*, 487 U.S. at 48.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1)(2).

**IT IS SO ORDERED.**

**Dated:** June 6, 2016

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.16\00701Brooks_dism(ftsac)

4